RECEIVED

MAR - 4 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

ALFRED MCZEAL, SR.                          CIVIL ACTION NO. 09-358

VERSUS                                      JUDGE DOHERTY

UNITED BANK & TRUST COMPANY, ET AL          MAGISTRATE JUDGE HANNA


**MEMORANDUM RULING**

Currently pending before the Court are: (1) a Motion for Default Judgement [Doc. 14] filed by plaintiff Alfred McZeal, Sr.[1]; (2) a Motion to Set Aside Entry of Default [Doc. 17] filed by defendants Southern Development Foundation, Southern Consumers Cooperative, Inc., John Freeman and Albert J. McKnight; and (3) a Motion to Strike [Doc. 24] filed by plaintiff.[2] For the reasons that follow, plaintiff's Motion for Default Judgment and Motion to Strike are DENIED [Doc. Nos. 14 and 24], and defendants' Motion to Set Aside Entry of Default is GRANTED. [Doc. 17]

---

[1]Subsequent to the filing of this motion, the Court was notified that plaintiff filed a voluntary petition for bankruptcy on July 21, 2009, pursuant to Chapter 7 of Title 11 of the United States Code, in the United States Bankruptcy Court for the Western District of Louisiana. [Doc. 102] On February 17, 2009, an order issued allowing Paul N. Debaillon, Trustee for the bankruptcy estate of Alfred McZeal, Sr., to intervene and be substituted as a party herein in place of Mr. McZeal. [Doc. 105]

[2]The motion to strike was part of a document that consisted of multiple and distinct motions. The motion was incorrectly styled as "Objection to Defendant's Motion to Set Aside Entry of Default Judgment Against Defendant Southern Development Foundation, Inc., Southern Consumers Cooperative, John Freeman and Albert J. McKnight, Motion to Cure Defects, & Motion to Strike." Three separate motions should have been filed, namely: (1) a memorandum in opposition to defendants' motion to set aside entry of default; (2) a motion to strike; and (3) a memorandum in opposition to defendants' motion for extension of time to cure deficient filing. On April 28, 2009, the Clerk of Court issued a docket entry stating, "All counsel are reminded that multiple pleadings should not be combined into one document, but should be filed separately." [Doc. 24] **All parties are hereby advised future filings of this sort will be stricken by the Court.**

## I. Procedural Background

On March 6, 2009, Alfred McZeal, Sr. filed this civil action in the Western District of Louisiana, seeking damages against Southern Development Foundation ("SDF"), Southern Consumers Coop Inc. ("SCC"), Howard Brooks, Albert J. McKnight, John Freeman, United Bank & Trust Co. (subsequently substituted as defendant in interest by Liberty Bank & Trust Co. ("Liberty")), and "Unknown Does (A through Z)." [Doc. 1]   On April 1, 2009, plaintiff filed a Motion for Entry of Default as to defendants SDF, SCC, John Freeman and Albert J. McKnight (collectively referred to in this ruling as "defendants"). [Doc. 7] The Clerk of Court entered an Entry of Default the same day.  [Doc. 8]

On April 13, 2009, John Freeman filed an Answer, *pro se*, on behalf of certain unspecified defendants. [Doc. 12] On April 14, 2009, the Clerk of Court issued a deficiency notice with regard to the Answer, noting "the only pleading permissible from a party in default is a motion to set aside the default." [Doc. 13]  The Notice further instructed defendants to submit a "Corrective Document" within 10 days of the notice, or the Answer would be stricken by the Court.[3]

On April 17, 2009, plaintiff filed a Motion for Default Judgement. [Doc. 14]  On April 24, 2009, defendants filed a Motion to Enroll as Counsel, a Motion for Extension (to cure the defective Answer), a Motion to Set Aside Entry of Default, and an opposition to plaintiff's motion for default judgment. [*See* Doc. Nos. 15, 17, 19, 20, and 22] Within those documents, counsel stated he had been retained to represent defendants "to document a settlement agreement between the plaintiff, Alfred McZeal, Sr. and movers that included the claims brought in this matter by and against all parties." [Doc. 22, p.1] Counsel noted on the morning of April 24, 2009, Mr. McZeal "stated to the

---

[3]On May 20, 2009, the deficient Answer was stricken by the Magistrate Judge.  [Doc. 34]

effect that the general understanding of settlement was no longer valid and that such would be

communicated to John Freeman by his son by Alfred McZeal, Jr." [Id.] Counsel further noted before

he was able to relay this information to his client, counsel for UBT (a co-defendant in this matter)

advised counsel "that a deadline crucial to movers was set to expire April 24, 2009, a default had

already been entered against movers and that a sixty two million dollar ($62,000,000.00) default

judgment was being requested." [Id.] Thereafter, counsel accessed the record in this matter "and

determined that John Freeman apparently had attempted to file a pro se answer to the complaint on

behalf of movers." [Id.] Counsel concluded as follows:

> 8.     Under the circumstances undersigned counsel has been unable to discuss with movers the allegations of the original complaint in this matter so as to satisfy his obligations under F.R.C.P. Rule 11 with respect to anything that could be filed by the expiration of the April 24, 2009 deadline.

> 9.     From the limited information that undersigned counsel has gathered, there are significant defenses to the complaint that was filed pro se seeking in excess of $62,000,000.00 in damages based upon unliquidated claims.

> 10.     Undersigned counsel files this pleading to protect individuals or entities that he believes he was engaged by for one purpose but who counsel believes now want him to expand his engagement rather than face a sixty two million dollar ($62,000,000.00) default judgment that they, as of date, thought was settled.

> Accordingly, movers ask that the court grant to all movers an additional seven (7) days or through and until April 31, 2009 in which to correct the deficient answer filed by John Freeman on April 13, 2009.

[Doc. 22, p. 3] On April 28, 2009, plaintiff filed the aforementioned document, containing a

memorandum in opposition to defendants' motion to set aside entry of default, a motion to strike

defendants' memorandum in support of motion to set aside entry of default, and an opposition to

defendants' motion for extension of time to cure defects.[4] [Doc. 24]

## II. Motion to Strike

With regard to that portion of plaintiff's document which "moves the court to strike the deficient instruments for lack of service," the motion is denied. [Doc. 24, p.1] Plaintiff argues defendants' motion to set aside entry of default [Doc. 17], memorandum in support thereof [Doc. 18], and defendants' motion for extension of time to cure defective filing [Doc. Nos. 19, 22] "were not properly served upon the plaintiff as required by the Local Rule and the Federal Rules of Civil Procedure." [Doc. 24, p.1] He further states, "Plaintiff reviewed the pleading via PACER, but does not waive service by U.S. mail.  The Certificate of Service does not indicate the manner of service, and plaintiff has never received the same via U.S. Mail."[5] [Id.]

FED. R. CIV. P. art. 5(b)(2)(C) provides, "A paper is served under this rule by: ...mailing it to the person's last known address - in which event service is complete upon mailing."  In this matter, every document plaintiff alleges was improperly served was filed with the Court the same day they were served upon plaintiff.[6] Each document was signed by defendants' attorney, and each

---

[4]*See note 2, supra.*  Additionally, the Court notes the motion for extension of time to cure defects was granted by the Magistrate Judge on May 5, 2009. [Doc. 30] Accordingly, plaintiff's opposition to that motion is now moot.

[5]The Court notes a certificate of service is only required when filing a motion with the Court.  It is not required when serving a party with a motion.  The only mention of a certificate of service occurs in section (d) of FED. R. CIV. P. 5, which states in pertinent part: "[a]ll papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court...." Furthermore, Rule 5(b), which instructs how service should be made, contains no reference to a certificate of service. As noted by one court, "Indeed, the purpose of a certificate of service is to inform the court that the paper has been served on other parties.  It would be nonsensical to tell a party that the document had been provided to that party." Davis v. MCI Communications Services, Inc., 421 F.Supp.2d 1178, 1182, n. 1 (E.D.Mo. 2006).

[6]"Any paper after the complaint that is required to be served - together with a certificate of service - must be filed within a reasonable time after service." FED. R. CIV. P. 5(d).

contained a certificate of service, signed by the same attorney, stating as follows:

**C E R T I F I C A T E**

I hereby certify that a copy of the above foregoing has this day been forwarded to all counsel of record by placing:

☐     US Mail Postage prepaid and properly addresed
☐     Hand Delivery
☐     Telefacsimile

Signed this **24ᵗʰ** day of **April**, 2009.

[Doc. 17, p.4; *see also* Docs. 18, p.3; 19, p.4; and 22, p.4][7] Additionally, in their opposition to plaintiff's motion to strike, counsel states, "Undersigned counsel's office mailed copies of the pleadings to the plaintiff at the address counsel had for plaintiff.  That address is 3156 Jackson Street, Lafayette, Louisiana 70501."[8] [Doc. 32, p.2]

First, the Court notes the Federal Rules are silent as to what the certificate of service must state.  Additionally, plaintiff did receive notice of the motion, as evidenced by: (1) plaintiff's responsive memorandum filed a mere four days after the filing of defendants' motion to set aside entry of default [*see* Docs. 17 and 24]; and (2) the Minute Entry issued by this Court (six days after the filing of defendants' motion), which set plaintiff's motion for default judgment and defendants' motion to set aside entry of default for hearing on June 26, 2009 at 10:00 a.m.[9] [Doc. 26] As plaintiff received timely notice of defendants' motions, plaintiff's motion to strike for lack of service is

---

[7]The Court notes counsel neglected to check one of the three boxes contained in the certificate on all documents referenced above.

[8]The address listed for plaintiff on the docket sheet is actually "315 Jackson Street."  Whether counsel mailed the motion to an incorrect address, or whether his memorandum contains a typographical error is undeterminable, as no copy of the envelope has been provided to the Court.

[9]Due to this Court's trial calendar, the hearing was subsequently cancelled, and the parties were informed the motions would be decided on the briefs, without a hearing. [Doc. 45]

DENIED.  However, counsel for defendant is INSTRUCTED to file more accurate and descriptive certificates of service in future filings.[10]

### III. Motion to Set Aside Default/Motion for Default Judgment

Federal Rule of Civil Procedure 55 provides in pertinent part as follows:

**(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

**(b) Entering a Default Judgment.**

...

**(2) By the Court.** ... [T]he party must apply to the court for a default judgment. ....

**(c) Setting Aside a Default or a Default Judgment.** The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

As the Fifth Circuit has succinctly stated:

A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. FED.R.CIV.P. 55(a).  After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.

New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996)(emphasis in original).

---

[10]*See e.g.* defendants' "Motion for Leave to File a Supplemental Memorandum in Support of Motion to Set Aside Entry of Default Judgment (Opposition Is Presumed)." [Doc. 44] The certificate attached to that document (which was filed after plaintiff lodged his complaint with the Court that defendants' prior certificates did "not indicate the manner of service, and plaintiff has never received the same via U.S. mail," *supra* at p. 4) also does not state the manner of service and also reflects an incorrect mailing address for plaintiff (*i.e.* 3156 Jackson St. v. 315 Jackson St.).  Nevertheless, as plaintiff has timely responded to every filing by defendant, he has not been prejudiced by any purported lack of service.  However, defendant is to pay closer attention to this matter in the future.

The entry of a *default judgment* is committed to the sound discretion of the district court.

Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir.2001).  As stated by the Fifth Circuit:

> The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver. Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations. As the District of Columbia Circuit has stated, they are "available only when the adversary process has been halted because of an essentially unresponsive party."

Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989)(quoting

H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1973)).

"[A default judgment] is only appropriate where there has been a clear record of delay or

contumacious conduct." E. F. Hutton & Co. v. Moffatt, 460 F.2d 284, 285 (5th Cir. 1972). "A party

is not entitled to a default judgment as a matter of right, even where the defendant is technically in

default." Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir.1996).  Rather, there must be a sufficient basis

in the pleadings for granting a default judgment. Nishimatsu Const. Co. v. Houston Nat'l Bank, 515

F.2d 1200, 1206 (5th Cir. 1975).

In cases where only an entry of default has issued (as opposed to issuance of a default

judgment), the Court may set aside the entry of default upon a showing of good cause. FED.R.CIV.P.

55(c).

> The requirement of 'good cause' has generally been interpreted liberally. Three factors are examined for determining "good cause" *vel non*: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause. Other factors may be considered, such as whether the party acted expeditiously to correct the default.

Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc., 346 F.3d 552, 563 (5th Cir. 2003)(internal

punctuation and citations omitted).[11] "The three factors ... are not talismanic," and courts may rely on other factors, such as whether: "(1) the public interest was implicated, (2) there was a significant financial loss to the defendant, and (3) the defendant acted expeditiously to correct the default." Matter of Dierschke, 975 F.2d 181, 184 (5th Cir.1992). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default. That decision necessarily is informed by equitable principles." Id. As with a default judgement, it is left to the court's discretion to determine whether an entry of default should be set aside. Hargray v. City of New Orleans, 12 F.3d 1099 (5th Cir. 1993).

In support of their Motion to Set Aside Entry of Default, defendants argue their failure to timely answer was not willful, as "John Freeman, President of Southern Development Foundation will testify that he genuinely believed, through conversations with the petitioner, that the matter had been settled." [Doc. 56, p.2] Defendants further note pleadings filed by co-defendant United Bank and Trust show that party was also of the belief this matter had settled. [Id.] Defendants additionally argue there are "significant defenses to this proceeding," such as their argument that plaintiff does not have an individual right to proceed with most (if not all) of the claims asserted, as those claims must be presented by way of a derivative action rather than by way of a claim brought by an individual shareholder; plaintiff's suit "may be barred by principles of first-to-file or lis pendens"; after discovery is complete, counsel anticipates filing motions to dismiss various claims premised upon prescription, the business judgment rule, standing and "simple factual inaccuracy"; and

---

[11]The Effjohn Court additionally notes, "Defaults are not favored and their strict enforcement has no place in the Federal Rules. ... [E]ntries of default are serious; where there are no intervening equities, any doubt should be resolved in favor of the movant to the end of securing a trial upon the merits." Id. (internal punctuation and citations omitted)

defendant A.J. McKnight has not been served. [Doc. 56, pp. 3-8]

Due to the foregoing, the Court finds defendants' failure to timely answer was not willful, there is no clear record of delay or contumacious conduct in this matter, defendants have presented meritorious defenses to this action which warrant a progression toward trial on the merits, and to grant plaintiff a default judgment in the amount of $65,000,000.00 would only serve as a "termination of litigation by procedural maneuver," which is a drastic remedy, favored neither by the Federal Rules nor the courts.  Accordingly, plaintiff's motion for default judgment is denied, and defendants' motion to set aside entry of default is granted.

**Conclusion**

Based upon the foregoing reasons, plaintiff's Motion for Default Judgment and Motion to Strike are DENIED [Doc. Nos. 14 and 24], and defendants' Motion to Set Aside Entry of Default is GRANTED. [Doc. 17]

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

March 4, 2010